UNITED STATES DISTRICT COURT  FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WHITNEY SPAULDING, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 3:22-cv-292 |
| | § | |
| v. | § | |
| | § | |
| MATTHEW WEST, et al. | § | |
| | § | |
| *Defendants*. | § | |

OFFICER MATTHEW WEST'S MOTION TO DISMISS

Defendant Officer Matthew West moves to dismiss the claims asserted against

him in Plaintiff's Amended Complaint [Doc. 8].

TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ii

TABLE OF AUTHORTIES .................................................................................. iv

CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH
      ADMINISTRATIVE PROCEDURES ...................................................... 1

NATURE & STAGE OF PROCEEDING .......................................................... 1

PLAINTIFFS ALLEGATIONS .......................................................................... 1

SUMMARY OF THE ARGUMENT ................................................................... 2

ARGUMENT & AUTHORITIES ........................................................................ 3

I.      Standard of Review .................................................................... 3

II.     Plaintiffs fails to state a claim for relief under the Constitution or
        laws of the United States. ......................................................... 4

        A.      Plaintiffs fails to state a claim under the Fourth Amendment............ 4

                1.      Plaintiff's temporary detention was not an arrest. ................. 4

                2.      Plaintiff fails to state a claim of an unconstitutional
                        *Terry* "frisk." .......................................................... 7

                3.      Plaintiffs fail to allege facts to state a claim of
                        unlawful entry. ....................................................... 8

                4.      Plaintiff fails to state a claim of excessive force................9

        B.      Plaintiff does not state a claim of bystander liability...................... 10

        C.      Plaintiff has not stated a Fourteenth Amendment claim for
                medical inattention. .......................................................... 11

        D.      Plaintiff has not alleged facts to state a First Amendment
                claim. ............................................................................ 12

III.    Plaintiff fails to overcome the presumption of Officer West's
        qualified immunity.......................................................... 13

        A.  Officer West is Immune from Plaintiff's Fourth Amendment
                Claims…………………………………………………………...14

CERTIFICATE OF SERVICE ........................................................................................ 18

## TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Al-Kidd,*
 563 U.S. 731-35 (2011) ............................................................. 13

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) .......................................................... 3, 5, 12

*Baker v. McCollan,*
 443 U.S. 137 (1979) ................................................................. 7

*Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) ............................ 11, 16

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007) ................................................................. 3

*Brigham City v. Stuart,*
 547 U.S. 398 (2006) ................................................................. 9

*Buehler v. Dear,*
 27 F.4th 969 (5th Cir. 2022) ....................................................... 9

*Carroll v. Ellington,*
 800 F.3d 154 (5th Cir. 2015) ...................................................... 15

*Collins v. Virginia,*
 138 S.Ct. 1363 (2018) ............................................................. 14

*District of Columbia v. Wesby,*
 138 S. Ct. 577 (2018) ........................................................... 6, 14

*Domino v. Tex. Dep't of Criminal Justice,*
 239 F.3d 752 (5th Cir. 2001) ...................................................... 12

*Frakes v. Masden,*
 No. CV H-14-1753, 2015 U.S. Dist. LEXIS 159158, 2015 WL 7583051
 (S.D. Tex. Nov. 25, 2015) ......................................................... 16

*Freeman v. Gore,*
 483 F.3d 404 (5th Cir. 2007) ...................................................... 14

*Glenn v. City of Tyler*,
  242 F.3d 307 (5th Cir. 2001) ................................................................. 9

*Graham v. Connor*,
  490 U.S. 386, 109 S. Ct. 1865 (1989) ..................................................... 7

*Hale v. Townley*,
  45 F.3d 914 (5th Cir. 1995) ......................................................... 10, 16

*Illinois v. Gates*,
  462 U.S. 213 (1983) ................................................................... 6, 7

*Joseph v. Bartlett*,
  981 F.3d 319 (5th Cir. 2020) ....................................................... 7, 10

*Kaley v. United States*,
  571 U.S. 320 (2014) ..................................................................... 6

*Keenan v. Tejeda*,
  290 F.3d 252 (5th Cir. 2002) ............................................................ 12

*Kitchen v. Dallas Cnty.*,
  759 F.3d 468 (5th Cir. 2014) ............................................................ 10

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002) ............................................................ 13

*Meadours v. Ermel*,
  483 F.3d 417 (5th Cir. 2007) ............................................................. 7

*Mesa v. Prejean*,
  543 F.3d 264 (5th Cir. 2008) ............................................................ 12

*Miller v. City of Tex. City*,
  No. 3:18-cv-00284, 2020 U.S. Dist. LEXIS 252344 (S.D. Tex. 2020)
  (Brown, J.).............................................................................. 10

*Morrow v. Meachum*,
  917 F.3d 870 (5th Cir. 2019) ............................................................ 13

*Murphy v. Kellar*,
  950 F.2d 290 (5th Cir. 1992) ............................................................. 7

*Pierce v. Smith*,
  117 F.3d 866 (5th Cir. 1997) ............................................................ 14

*R2 Investments LDC v. Phillips,*
  401 F.3d 638 (5th Cir. 2005) ........................................................................ 4

*Rice v. ReliaStar Life Ins. Co.,*
  770 F.3d 1122 (5th Cir. 2014) ...................................................................... 9

*Rockwell v. Brown*
  664 F.3d 985 (5th Cir. 2011) ...................................................................... 14

*Southland Sec. Corp. v. Inspire Solutions, Inc.,*
  365 F.3d 353 (5th Cir. 2004) ........................................................................ 4

*Tarver v. City of Edna,*
  410 F.3d 745 (5th Cir. 2005) ........................................................................ 9

*Templeton v. Jarmillo,*
  28 F.4th 618 (5th Cir. 2022) .......................................................... 9, 13, 14

*Terry v. Ohio,*
  392 U.S. 1 (1968) .................................................................... 4, 6, 7, 8, 12

*Terwilliger v. Reyna,*
  4 F.4th 270 (5th Cir. 2021) ........................................................................ 11

*Thompson v. Steele,*
  709 F.2d 381 (5th Cir. 1983) ........................................................................ 7

*Timpa v. Dillard,*
  20 F.4th 1020 (5th Cir. 2021) .............................................................. 15, 16

*U.S. v. Antone,*
  753 F.2d 1301 (5th Cir. 1985) ...................................................................... 7

*United States v. Darrell,*
  945 F.3d 929 (5th Cir. 2019) ........................................................................ 4

*United States v. Hernandez,*
  825 F.2d 846 (5th Cir. 1987) .............................................................. 15, 16

*United States v. Ibarra-Sanchez,*
  199 F.3d 753 (5th Cir. 1999) ........................................................................ 5

*United States v. Jordan,*
  232 F.3d 447 (5th Cir. 2000) ............................................................. 4, 6, 8

*United States v. Sharpe*,
　　470 U.S. 675 (1985) ................................................................. 6

*United States v. Thomas*,
　　997 F.3d 603 (5th Cir. 2021) ............................................. 4, 6

*Vulcan Materials Co. v. City of Tehuacana*,
　　238 F.3d 382 (5th Cir. 2001) ............................................. 3, 5

*Westfall v. Luna*,
　　903 F.3d 534 (5th Cir. 2018) ................................................. 9

*Whitley v. Hanna*,
　　726 F.3d 631 (5th Cir. 2013) ......................................... 16, 17

**Constitutions**

First Amendment ............................................................... 12, 13

Fourth Amendment ............................................. 2, 4, 7, 9, 14, 15

Fourteenth Amendment .............................................................. 11

**Statutes**

42 U.S.C. § 1983 ......................................................... 1, 7, 10

**Court Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................ 5

Rule 12(b)(6) ......................................................................... 1

CERTIFICATE OF CONFERENCE
AND COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

1.     Defendant West sent Plaintiff correspondence advising of the deficiencies in Plaintiff's complaint on September 23, 2022. Plaintiff agreed in part to certain pleading deficiencies and amended her complaint, but Plaintiff's amendment did not cure the other identified pleading deficiencies. Plaintiff continues to fail to state a claim upon which relief may be granted Officer West moves to dismiss Plaintiff's lawsuit.

NATURE & STAGE OF PROCEEDING

2.     This is a lawsuit under 42 U.S.C. § 1983, asserting claims of arrest without probable cause, excessive force, unlawful entry, bystander liability, retaliation, and medical inattention against Officer Matthew West. Since Plaintiff's amended complaint [Doc. 8] fails to state a claim upon which relief may be granted, against Officer West, Officer West moves to dismiss Plaintiff's complaints under Rule 12(b)(6).

PLAINTIFFS ALLEGATIONS

3.     On the evening of March 15, 2022, officers from the City of Clute, Brazoria County Sherriff's Office, and the City of Richwood responded to a call of service at Plaintiff's apartment complex. [Doc. 8, ¶¶18-20]. Plaintiff alleges Clute Officers West, Garcia, Ethridge, and Crawley observed Plaintiff standing in her apartment doorway. *Id* at ¶21. Plaintiff informed Officer West that officer west did not have consent to enter her apartment. *Id* at ¶22. Officer West handcuffed Plaintiff and moved her to the front window of Plaintiff's neighbor's apartment. *Id.* Plaintiff did not sustain an injury. *Id.* An

officer Plaintiff fails to identify, searched Plaintiff, and found a pocket knife in Plaintiff's pocket. *Id* at ¶¶23-25.

4.      Plaintiff asked Officer West whether he was wearing his body-worn camera, in response to which Plaintiff alleges, Officer West informed Plaintiff it was inside Officer West's vehicle. [Doc. 8, ¶26]. Officer West instructed Plaintiff to get down and then kicked Plaintiff on the knee allegedly causing injury. *Id* at ¶27. Officers Garcia, Ethridge, and Crawley entered Plaintiff's apartment without Plaintiff's consent or a warrant and conducted a search of the apartment. *Id* at ¶¶28-29. Plaintiff fails to identify any individual officers present from the Brazoria County Sherriff's Office and the City of Richwood. *Id* at ¶30.

5.      Officer Garcia and another officer Plaintiff fails to identify took two individuals inside Plaintiff's home to question them. *Id* at ¶31-32. An officer Plaintiff fails to identify removed Plaintiff's handcuffs and helped Plaintiff stand up, but Plaintiff later sat on the ground. *Id* at ¶33. Officers called EMS, but Plaintiff refused medical treatment from EMS. *Id* at ¶¶34-39. On March 17, 2022, Plaintiff filed a citizen complaint with the City's police department. *Id* at 40. Plaintiff was unemployed at the time of the incident and, although Plaintiff admits she has been offered the opportunity for employment, remains unemployed. *Id* at ¶¶41-44.

## SUMMARY OF THE ARGUMENT

**6.**      Plaintiff fails to allege facts which state a plausible claim for relief. Specifically Plaintiff's allegations do not make out a claim of a violation of the First or Fourth

Amendment to the United States Constitution. Additionally, Plaintiff fails to allege facts which overcome the presumption of Officer West's immunity.

ARGUMENT & AUTHORITIES

**I.      Standard of Review**

7.      In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court enunciated the pleading standard required for a plaintiff to state a plausible claim for relief and detailed the appropriate method for analyzing the adequacy of pleading allegations under the controlling standard. Under that governing standard, the Court must perform "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id*. at 686.

8.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at  678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Listing generalized legal standards, without providing substantive factual matter to support them, as Plaintiff has done in this case, does not state a claim. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

9.     The Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004). A complaint states a claim only where well-pleaded *factual* allegations plausibly support an entitlement to relief. *Id.*

## II.    Plaintiffs fails to state a claim for relief under the Constitution or laws of the United States.

### A.    Plaintiffs fails to state a claim under the Fourth Amendment.

#### 1.  Plaintiff's temporary detention was not an arrest.

10.    What Plaintiff describes is not an arrest, but rather a *Terry stop and detention.* "An officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968). "[*Terry*] does not require certainty that a crime is in fact being committed." *United States v. Darrell*, 945 F.3d 929, 939 (5th Cir. 2019) "Under *Terry*, if a law enforcement officer can point to specific, articulable facts that lead him to reasonably suspect 'that criminal activity may be afoot,' he may briefly detain an individual to investigate." *Id* at 932. "[T]he level of suspicion the [reasonable suspicion] standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *United States v. Thomas*, 997 F.3d 603, 610 (5th Cir. 2021).

11.     In this most basic effort to state a claim without facts, Plaintiff fails to allege facts—or conveniently omits facts—describing the nature of the call for service but in omitting those facts, Plaintiff fails to allege facts to suggest Officer West lacked reasonable suspicion to temporarily detain Plaintiff upon Officer West's arrival at the location for the call for service at Plaintiff's apartment complex. This violates the *Twombly/Iqbal* standard because "(a)ny analysis of reasonable suspicion is necessarily fact-specific, and factors which by themselves may appear innocent, may in the aggregate rise to the level of reasonable suspicion. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999). Plaintiff's bare assertions and omissions attempt to deprive the Court of its "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" in "[d]etermining whether a complaint states a plausible claim for relief." *Iqbal,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted). Listing generalized legal standards without providing substantive factual matter to support them, as Plaintiff has done in this case, does not state a claim. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).   This failure undermines, fatally, Plaintiff's effort to state a plausible claim.

12.     Taken in the aggregate, Plaintiff's factual allegations and photos included in Plaintiff's complaint show 1) Officer West responded to an active call for service at the Plaintiff's apartment complex sometime before 5:00 am; 2) the active call for service, while intentionally omitted from Plaintiff's complaint, was substantial enough to require three different law enforcement agencies to respond; and 3) upon arrival Officer West

and other officers observed the Plaintiff and other suspects in the area outside of Plaintiff's apartment. [Doc. 8, first photo at p.7 shows a female detainee sitting on the grass near Officer West.].

13.     "Looking at the actions of these officers from an objective standard, as *Terry* requires," Officer West and other officers present could have reasonably suspected that Plaintiff and others around her were involved in the criminal activity that prompted the call for service that Plaintiff has chosen to omit. *Thomas* 997 F.3d at 611. Without such factual information, Plaintiff cannot state a claim.

14.     Plaintiff further asserts that being handcuffed allegedly for 45 minutes while other officers searched her apartment is a *de facto* arrest. However, "handcuffing a suspect does not automatically convert an investigatory detention into an arrest requiring probable cause." *Jordan*, 232 F.3d 450. "If the purpose underlying a Terry stop -- investigating possible criminal activity -- is to be served, the police must under certain circumstances be able to detain the individual for longer than the brief time period involved in *Terry*." *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985).

15.     Even if probable cause was required for Plaintiff's temporary detention which it is not—"[p]robable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 323 (1983). "The probable cause issue must be analyzed under the 'totality of the circumstances' as to whether there

is a 'fair probability' that a crime is occurring." *U.S. v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 237 (1983)). Probable cause is an objective standard that must be viewed from the perspective of a hypothetical reasonable officer."  *Devenpeck*, 543 U.S.  153; *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

### 2.    Plaintiff fails to state a claim of an unconstitutional *Terry* "frisk."

16.    As a threshold matter, to state a claim Plaintiff must allege facts that show a claim against each individual officer sued. *See Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020); *Meadours v. Ermel*, 483 F.3d 417, 421-422 (5th Cir. 2007). Plaintiff's allegations must specify personal involvement in unconstitutional conduct to support a claim against a Defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff fails in this duty as well.

17.    Specifically, although Plaintiff acknowledges the presence of many officers, she sues only Officer West. Yet Plaintiff fails to allege facts to show Officer West was the officer who actually patted down or searched Plaintiff. Rather, Plaintiff alleges a different officer, whom Plaintiff fails to identify, searched Plaintiff and found Plaintiff had a pocket knife [Doc. 8, ¶23]. Plaintiff fails to allege facts that identify any personal involvement of Officer West in Plaintiff's pat-down, let account for any search conduct that could plausibly violate the Fourth Amendment.

18.     Even if, *arguendo,* Officer West did pat-down or even search Plaintiff for weapons, the action was constitutional. "[A]fter making a proper *Terry* stop, the police are within their constitutional authority to pat down a party and to handcuff him for their personal safety even if probable cause to arrest is lacking. *Jordan*, 232 F.3d 449.

[T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry* 392 U.S. 26-27

### 3. Plaintiffs fail to allege facts to state a claim of unlawful entry.

19.     Plaintiff also fails to allege facts to state a claim for unlawful entry and instead states facts disproving such a claim against Officer West. Specifically, Plaintiff asserts Officer West removed Plaintiff from the doorway of her apartment, placed Plaintiff in handcuffs, **and stood outside Plaintiff's apartment** hovering over Plaintiff as other officers entered Plaintiff's apartment. [Doc. 8, ¶¶86, 125]. Plaintiff fails to make any factual allegation that Officer West even entered Plaintiff's apartment and Plaintiff's allegations suggest Officer West could not have done so as Officer West was allegedly "hovering" over Plaintiff **outside Plaintiff's apartment**.

20.     Regardless, now assuming *arguendo* Plaintiff alleged facts to show Officer West entered Plaintiff's apartment. Plaintiff only offers conclusory assertions but no facts to show the absence of exigent circumstances that necessitated this response of these different law enforcement agencies to Plaintiff's apartment building in the early morning

hours.[1] Officers are not required to obtain a warrant where 'the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.'" *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1130-31 (5th Cir. 2014) (*citing Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)).

### 4. Plaintiff fails to state a claim of excessive force.

21.     Here, Plaintiff fails to allege facts suggesting any injury, much less anything more than a, *de minimis* injury, associated with 1) being grabbed and handcuffed by Officer West, and 2) being shoved into the window of Plaintiff's neighbor's apartment while being handcuffed. To be sure, "[t]ight handcuffing alone, even where a detainee sustains minor injuries, does not present an excessive force claim." *Templeton v. Jarmillo,* 28 F.4th 618, 622 (5th Cir. 2022). *See also*, *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). "Although [the Fifth Circuit] no longer require[s] 'significant injury' for excessive force claims, the injury must be more than *de minimis*." *Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018) (quoting *Tarver v. City of Edna*, 410 F.3d 745 (5th Cir. 2005).

22.     At best, Plaintiff alleges a knee injury but Plaintiff fails to allege facts that show Plaintiff's alleged knee injury was more than *de minimis* in light of Plaintiff's admitted refusal of medical care at the scene. *Compare Buehler v. Dear*, 27 F.4th 969, 983 (5th Cir. 2022).

---

[1] Spoiler alert—Plaintiff cannot do so, if she alleges the actual facts of what occurred.

## B.   Plaintiff does not state a claim of bystander liability.

23.     While Plaintiff cites *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995), to support her bystander liability claim against Officer West for his purported failure to intervene in other officers' asserted unlawful entry into Plaintiff's home. However, "bystander liability arises under *Hale* **only** where the plaintiff can allege and prove another officer's use of **excessive force**." *Miller v. City of Tex. City*, No. 3:18-cv-00284, 2020 U.S. Dist. LEXIS 252344, at *10 (S.D. Tex. 2020) (Brown, J.) (citing *Kitchen v. Dallas Cnty.*, 759 F.3d 468, 481 (5th Cir. 2014) (emphasis added). The Fifth Circuit has not recognized a bystander claim under §1983 from any claim other than one for excessive force.

24.     Moreover, Plaintiff fails to allege facts to make out a prima facia case of bystander liability of Officer West based upon Officer West's conclusory alleged failure to intervene during some other, unidentified officer's search of Plaintiff's apartment.  "An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Bartlett* 981 F.3d at 343. Obviously then, facts identifying the officer whom Officer West supposedly observed and facts showing Officer West *actually made* such an observation, are key to these elements. *Id.*

25.     Yet Plaintiff fails to allege facts to suggest, let alone show, Officer West had any opportunity to discern, let alone have any reason to believe, any officer was violating Plaintiff's constitutional rights in any manner, including by allegedly searching Plaintiff's

apartment. Plaintiff simply fails to allege any facts to show when or how, while Officer West was accordingly, to Plaintiff standing over Plaintiff outside, Officer West had a reasonable opportunity to discern any potential constitutional violation by another officer or that Officer West had an opportunity to prevent whatever inchoately described events, including the alleged search, occurred. *Compare Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021).

### C. Plaintiff has not stated a Fourteenth Amendment claim for medical inattention.

26.     "A government official violates a Fourteenth Amendment right when the official acts with deliberate indifference to a detainee's serious medical needs. To prove deliberate indifference, [Plaintiff] must show that [Officer West] was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' that [Officer West] actually 'dr[e]w the inference,' and that [Officer West] 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020). Plaintiff alleges the exact opposite.

27.     Plaintiff's own pleading concedes Officer West did not—and could not—disregard any of Plaintiff's purported medical needs because Plaintiff alleges that emergency medical technicians arrived at the scene to evaluate Plaintiff, but that **Plaintiff voluntarily declined emergency medical services**. [Doc. 8, ¶36]. Obviously, Plaintiff's own admission disproves Plaintiff's allegations of denial of medical care.

28.     To state a claim, "the plaintiff must allege facts to show that the officials 'refused to treat h[er], ignored h[er] complaints, intentionally treated h[er] incorrectly, or engaged

in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756  (5th Cir. 2001) (internal citations omitted). Because Plaintiff *admits* she did not need medical care and that Plaintiff actually refused the on-scene offer of trained medical care,  Plaintiff has not alleged and cannot allege facts to state a claim for denial of medical care.

### D.    Plaintiff has not alleged facts to state a First Amendment claim.

29.    "[T]o establish a First Amendment retaliation claim against an ordinary citizen, [Plaintiff] must show that (1) [she] w[as] engaged in constitutionally protected activity, (2) [Officer West's] actions caused [Plaintiff] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) [Officer West's] adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

30.    Nothing about Plaintiff's conclusory assertions even suggest Officer West's *Terry* stop and detention of Plaintiff **was substantially motivated** by Plaintiff's speech. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 679.

31.    Plaintiff fails to allege *any* facts to show a causal relationship between any speech and Plaintiff's detention to be sure, the First Amendment does not give citizens free rein to avoid detention or arrest "by contemporaneously shouting 'police officers are corrupt.'" *See Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Assuming *arguendo* Plaintiff was arrested, "any **argument** that the arrestee's speech as opposed to her

criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Id.* (emphasis added).

### III.   Plaintiff fails to overcome the presumption of Officer West's qualified immunity.

32.     "To overcome [Officer West's] qualified immunity defense, plaintiff must allege facts showing that [Officer West] (1) 'violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Jarmillo* 28 F.4th at 621 (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731-35 (2011). "Because [Officer West] invoked a qualified immunity defense, the burden shifts to [Plaintiff] to show the officers violated his clearly established rights. *Id.*

33.     "The second question—whether the officer violated clearly established law—is a doozy." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). "A right is clearly established [only] when it is defined 'with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.'" *Jarmillo*, 28 F.4th 621(citing *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002). "Although a plaintiff does not need to identify a case 'directly on point' to meet this burden[s], he must identify caselaw that 'place[s] the statutory or constitutional question beyond debate.'" *Jarmillo*, 28 F.4th 621 (quoting *al-Kidd*, 563 U.S. 731, 741, (2011)).

34.     "Citing caselaw generally referring to the prohibition on officers' using excessive force does not suffice. *Id.* Rather, "[o]vercoming qualified immunity requires showing clearly established law supporting the plaintiff's claim, and that demands "that the legal principle clearly prohibit the officer's conduct in the particular circumstances before

him." *Jarmillo*, 28 F.4th 621 (quoting *Wesby* 138 S. Ct. at 590). This portion of the analysis "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v. Smith*, 117 F.3d 866, 882 n. 5 (5th Cir. 1997).

### A. Officer West is Immune from Plaintiff's Fourth Amendment Claims

35.     Plaintiff cites *Collins v. Virginia*, 138 S.Ct. 1363, 1670 (2018); and *Rockwell v. Brown* 664 F.3d 985, 994-96 (5th Cir. 2011) in support of her claim of unlawful entry, but again Plaintiff does not allege facts to suggest Officer West entered Plaintiff's apartment. Regardless, neither case illustrates clearly established law that overcomes the presumption of Officer West's qualified immunity. *Collins* is a criminal case that held the automobile exception to the warrant requirement does not permit the warrantless entry of a home or its curtilage to search a vehicle on the property. *Collins* 138 S.Ct. 1670, 1675. *Collins* does not even remotely address the issue of qualified immunity implicated here. Even more fatal to Plaintiff's claims, in *Rockwell* the Fifth Circuit reversed the district court's denial of the officer's qualified immunity holding "the officers are entitled to qualified immunity on all of the Rockwells' unlawful-entry claims. *Rockwell* 664 F.3d 994. Obviously, a case which found immunity not waived for the alleged search does not "clearly establish" the law upon the facts of the instant case.

36.     As for Plaintiff's claim of arrest without probable cause, Plaintiff cites *Freeman v. Gore*, 483 F.3d 404, 411-13 (5th Cir. 2007), but that case is quite distinct from the scant

facts Plaintiff alleges here sufficient to constitute clearly established law considering the use of facts Plaintiff conclusory alleges here.

37.     As for excessive force, Plaintiff cites *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021); and *Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015) however, *Timpa* is a wrongful death case where the *Timpa* plaintiffs alleged officers caused a death through prolonged use of a prone restraint with bodyweight force during his arrest. *Timpa* 20 F.4th 1020, 1038. Obviously, nothing about *Timpa* touches on the allegations in this case. In *Carroll*, the Fifth Circuit held the officer was entitled to qualified immunity for all Fourth Amendment claims including unlawful seizure, warrantless entry into the Plaintiff's home, and excessive force by the use of a taser in light of the suspect's active resistance. *Carroll* 800 F.3d 154, 170-176. The only claim, on which the *Carroll* Court did not find the officers entitled to qualified immunity was the excessive force claim that **five officers collectively** injured the suspect after the suspect was restrained. *Id* at 177. Here, no such facts are alleged such that anything from *Carroll* would apply.

38.     As to an unlawful search, Plaintiff hinges her claim on the incorrect, conclusory assertion Plaintiff was arrested and not detained. [Doc. 8, ¶¶96-98]. Assuming *arguendo* Officer West searched Plaintiff—which Plaintiff does not allege, Plaintiff's citation to *United States v. Hernandez*, 825 F.2d 846, 852 (5th Cir. 1987) cannot constitute clearly established law to disprove Officer West's qualified immunity. *Hernandez* is a criminal case that does not discuss qualified immunity, and the Court upheld the district court's

determination that there was probable cause to arrest Hernandez before the search of his person took place. *Hernandez*, 825 F.2d 852.

39.     As to Plaintiff's claim of failure to provide medical care, Plaintiff cites *Baldwin* 964 F.3d at 326. However, in *Baldwin* the Fifth Circuit *reversed* the district court's denial of the jail officer's qualified immunity and held the law was not clearly established with any clarity as to what measures jailers must take to prevent inmate suicides. *Baldwin* 964 F.3d at 328. This is not a custodial death case of suicide and even if it were the *Dorsey* Court upheld the officer's qualified immunity. *Id.*

40.     Plaintiff's case law regarding bystander liability is the farthest departure from clearly established law that could conceivably have placed Officer West on notice that not intervening during some unidentified officer's asserted unlawful search of Plaintiff's home or Plaintiff's person. As discussed *supra* Plaintiff cites *Timpa* quoting *Hale* 45 F.3d 919, to support Plaintiff's bystander claim. However, both of those cases involve bystander claims for purportedly failing to intervene in instances of excessive force, not any other constitutional violation.

41.     In footnote 11 in *Whitley*, the Fifth Circuit suggested a bystander liability claim *might* apply to other constitutional violations, *Whitley v. Hanna*, 726 F.3d 631, 646 n.11 (5th Cir. 2013). However, the Fifth Circuit has not specified any constitutional violation, other than one for excessive force that may support a bystander liability claim. *See Frakes v. Masden*, No. CV H-14-1753, 2015 U.S. Dist. LEXIS 159158, 2015 WL 7583051, at *9 (S.D. Tex. Nov. 25, 2015). "The Fifth Circuit did not, in

either *Richie* or *Whitley*, recognize bystander liability in a context other than the use of excessive force.", *aff'd sub nom. Frakes v. Ott*, 668 F. App'x 130 (5th Cir. 2016). Plaintiff has not identified and cannot identify any case law in the Fifth Circuit, let alone a consensus of non-issued law that would have placed Officer West on notice that any purported failure to intervene during an alleged unlawful search is in violation of clearly established law, and Officer West should be entitled to qualified immunity for this claim.

## CONCLUSION AND PRAYER

42.     The Court should dismiss, Plaintiff's complaint against Officer Matthew West, with prejudice.

Respectfully submitted,

*/s/ William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
S.D. Tex. Bar No. 8791
Norman Ray Giles
Texas Bar No. 24014084
S.D. Tex. Bar No. 26966
Randy E. Lopez
Texas Bar No. 24091829
S.D. Tex. Bar No. 3369137

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANT
Officer Matthew West

4859-6595-2564.4                                    17

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to

the following counsel of record in accordance with the District's ECF service rules on

October 11, 2022.

> Brandon J. Grable
> Grable Grimshaw PLLC
> brandon@g2.law
> 1603 Babcock Road, Suite 280
> San Antonio, Texas 78229
>
> *Attorney for Plaintiff*

/s/ *William S. Helfand*
