UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WHITNEY SPAULDING., | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CASE NO. 3:22-CV-00292 |
| | § | |
| MATTHEW WEST, et al., | § | |
| *Defendants.* | § | |

_____

**JOINT PROPOSED DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**
_____

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email**

    The conference was held by telephone and email correspondence on **October 14, 2022, at 11:00 AM**. Present were the following:

    - Brandon Grable (24086983), 1603 Babcock Rd, Ste. 280, San Antonio, Tx 78229. Email: brandon@g2.law, Telephone: (210) 963-5297, Fax: (210) 641-3332 appeared on behalf of Plaintiff Whitney Spaulding.

    - Steven Selbe (18004600), 1900 West Loop South, Suite 1000, Houston, TX 77027. Email: sselbe@grsm.com, Telephone: (713) 490-4863, appeared on behalf of Defendant City of Clute, Sergeant Garcia, Officer Ethridge, and Officer Crawley.

    - Randy E. Lopez (24091829), 24 Greenway Plaza, Suite 1400 Houston, TX 77046. Email: william.helfand@lewisbrisbois.com, Telephone: (713)

      659-6767, Fax: (713) 759-6830 appeared for Defendant Officer Matthew West.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   - None.

3. **<u>Briefly</u> describe what this case is about.**

   Generally stated, Plaintiff asserts causes of action under 42 U.S.C. § 1983 claiming violations of her First and Fourth Amendments after she was seized by Officer West while other defendants entered and searched her private dwelling.

   Plaintiff recently filed her *Third Amended Complaint* [**Dkt. No. 15**], so the deadline for Defendants to respond has not passed. However all Defendants have indicated their intention to file a motion to dismiss. *See* **Dkt. Nos. 11, 13**.

   Defendants disagree with the Plaintiff's stated facts and, after complying with this Court's procedures, intend to file 12(b)(6) motions for failure to state claims, also raising the defenses of qualified immunity. Defendants also contend that Plaintiff cannot recover exemplary damages.

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   - None.

5. **Federal jurisdiction.**

   a. **Specify the allegation of federal jurisdiction.**

   - The Court has jurisdiction under 28 U.S.C. §§ 1331 (action arising under the Constitution and federal law) and 1343(a) (action to redress deprivation of civil rights).

   - There are no jurisdictional issues at this time nor any anticipated by the parties.

 b. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

- None.

 c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

- This is not a diversity case.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

    - None.

7. **List anticipated interventions.**

    - None.

8. **Describe class-action issues or collective-action issues.**

    - None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    - The parties agree to exchange initial disclosures by October 31, 2022, and subject to the Court's ruling on any motions to dismiss filed by Defendants.

10. **If the case included a claim for attorney's fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    - This is a 1983 claim, so the court would resolve the attorney fee issue should one arise.

11. **Describe the proposed agreed discovery plan, including:**

    **A. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

    - The parties agreed to confer regarding the production of ESI, if any. The parties will also confer concerning the need for a protective order, if any.

    - In light of the individual Defendants asserting qualified immunity through their motion to dismiss, discovery is stayed in the case until the Court rules on the individual Defendants' motion to dismiss. The parties, therefore, ask the Court not to enter a scheduling order before the Court rules on the individual Defendants' motion to dismiss.

    - If the Court finds when ruling on the individual Defendants' motion to dismiss that Plaintiff has alleged facts in the complaint that state a plausible claim for relief against any individual Defendant, at that point the Court should issue a scheduling order limiting discovery to that necessary for the Court to rule on the individual Defendants' motion for summary judgment based on qualified immunity.

    - If any claim remains after the Court rules on summary judgment motions based on qualified immunity, the Court should schedule a brief period of 75 days for additional discovery before other dispositive motions are due.

    **B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

- Discovery should be stayed pending resolution of the individual Defendants' qualified immunity through rulings on the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-686 (2009); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987); *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022); *Backe v. LeBlanc,* 691 F.3d 645, 649 (5th Cir. 2012). If any individual officers remain as defendants, discovery must be initially limited to factual questions related to the issue of immunity as are identified by the Court in ruling on the motion to dismiss. *Converse v. City of Kemah*, 961 F.3d 771, 780 n.8 (5th Cir. 2020).

12. **Experts.**

    **A. Are experts needed on issues other than attorneys' fees?**

    - Yes

    **B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    - The parties are not sure at this stage whether any medical experts are needed (other than treating physicians).

    **C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

    - July 14, 2023

    **D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

    - August 14, 2023

13. **State the date discovery can reasonably be completed.**

    - The parties acknowledge that Plaintiff's live complaint is *Plaintiff's Third Amended Complaint and Jury Demand*, filed at Dkt. No. 15, on October 12, 2022. Defendants anticipate filing one or more motions to dismiss. Considering this, the parties state the following:

        o Within 75 days after the Court denies an individual Defendant's motion to dismiss based on qualified immunity, if applicable.

- - Thereafter, if applicable, within 75 days after the Court rules on individual Defendants' motion(s) for summary judgment based on qualified immunity.

  - Thereafter, if applicable, 75 days after the Court rules on individual Defendants' motion(s) for summary judgment based on qualified immunity if any claim remains in the case.

14. **If the parties are not in agreement on a part of the discovery plan, describe the separate views and proposals of each party.**

    - Since Defendants anticipate filing one or more motions to dismiss asserting that Plaintiff failed to state a plausible claim for relief, Defendants are opposed to discovery at this stage since and assert that no discovery is necessary to rule on the motions to dismiss. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022).

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    - Defendant City informally produced to the parties body worn cameras, dash camera video, radio traffic recordings, an internal affairs report, and audio recordings of interviews with the individual defendants concerning the incident in question.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    - The parties have discussed engaging in early, informal settlement discussions, as well as mediation. The parties agree mediation may be useful and productive without extensive discovery.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    - The parties have discussed informally negotiating as well as mediating, and agree mediation may be useful and productive without extensive discovery.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

- The parties have conferred on whether to consent to trial by the Magistrate Judge in this matter. The parties **DO NOT** consent to trial by the Magistrate Judge in this matter.

19. **State whether a jury demand has been made and if it was made on time.**

    - Plaintiff made a timely jury demand. **[Dkt. No. 1].**

20. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    - The parties conferred and agreed that it could take 60 hours to try this case.

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    - None

22. **List other pending motions.**

    - Individual defendants are evaluating filing motions to dismiss based on *Plaintiff's Third Amended Complaint and Jury Demand*, filed on October 12, 2022, at Dkt. No. 15.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

    - The parties do not have any discovery matters that must be addressed at conference.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

    The parties filed their respective disclosures of interested parties as directed. See Dkt. Nos. 10, 12 and 16.

Respectfully Submitted,

| | |
|---|---|
| **GRABLE GRIMSHAW PLLC** | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
| */s/ Brandon J. Grable* | */s/Randy Edward Lopez* |
| **BRANDON J. GRABLE** | **WILLIAM S. HELFAND** |
| **Attorney-in-charge** | **Attorney-in-charge** |
| Texas State Bar No. 24086983 | Texas State Bar No. 09388250 |
| SDTX Bar No. 3246103 | SDTX Bar No. 8701 |
| brandon@g2.law | Bill.Helfand@lewisbrisbois.com |
| 1603 Babcock Road, Suite 280 | **NORMAN RAY GILES** |
| San Antonio, Texas 78229 | Texas State Bar No. 24014084 |
| Telephone: (210) 963-5297 | SDTX Bar No. 26966 |
| Facsimile: (210) 641-3332 | **RANDY EDWARD LOPEZ** |
| **COUNSEL FOR PLAINTIFF SPAULDING** | Texas State Bar No. 24091829 |
| | SDTX Bar No. 3369137 |
| | 24 Greenway Plaza, #1400 |
| | Houston, Texas  77046 |
| | Telephone: (832) 460-4614 |
| | Facsimile: (713) 759-6830 |
| | **COUNSEL FOR DEFENDANT WEST** |

**GORDEN REES SCULLY MANSUKHANI, LLP**

*/s/ Steven Selbe (with permission)*
**STEVEN D. SELBE**
**Attorney-in-charge**
Texas State Bar No. 18004600
SDTX Bar No. 18003
sselbe@grsm.com
**KATELYNN DUANE ARMIJO**
Texas State Bar No. 24116040
kdarmijo@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**COUNSEL FOR DEFENDANTS CRAWLEY, ETHRIDGE, AND CITY OF CLUTE**