UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WHITNEY SPAULDING, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 3:22-cv-292 |
| | § | |
| v. | § | |
| | § | |
| MATTHEW WEST, et al. | § | |
| | § | |
| *Defendants.* | § | |

### OFFICER MATTHEW WEST'S SECOND MOTION TO DISMISS

Defendant Officer Matthew West moves to dismiss Plaintiff's claims against

Officer West in Plaintiff's Third Amended Complaint [Doc. 15].

TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................ii

TABLE OF AUTHORITIES.............................................................................................iii

CERTIFICATE OF CONFERENCE AND COMPLIANCE
   WITH ADMINISTRATIVE PROCEDURES ............................................ 1

NATURE & STAGE OF THE PROCEEDING.................................................................. 1

PLAINTIFFS ALLEGATIONS ........................................................................................ 1

ALLEGATIONS IN LIGHT OF THE VIDEO REFERENCED IN PLAINTIFF'S
   COMPLAINT............................................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................................. 5

ARGUMENT & AUTHORITIES ..................................................................................... 5

   I.     Standard of Review ..................................................................................... 5

   II.    Plaintiffs fails to state a claim. .................................................................. 7

          A. Plaintiffs fails to state a claim under the Fourth Amendment. .................. 7

                 1.    As a matter of law Plaintiff's temporary detention
                       was not an arrest. .............................................................. 7

                 2. Plaintiff fails to state a claim of unlawful entry. .................................... 9

                 3. Plaintiff fails to state a claim of excessive force. ................................ 11

          B. Plaintiff has does not state a First Amendment claim. ............................ 12

   III.   Plaintiff fails to overcome the presumption of Officer West's qualified
          immunity…………………………………………………………………14

          A.   Officer West is Immune from Plaintiff's Fourth
               Amendment Claims ................................................................. 15

          B. Officer West is Immune from Plaintiff's First Amendment Claims ........ 18

CONCLUSION AND PRAYER....................................................................................... 19

CERTIFICATE OF SERVICE........................................................................................ 20

TABLE OF AUTHORITIES

**Federal Cases**

*Aguirre v. City of San Antonio*,
    995 F.3d 395 (5th Cir. 2021) ............................................................ 17, 18

*Ashcroft v. Al-Kidd*,
    563 U.S. 731-35 (2011) ..................................................................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................... 5, 6, 13

*Baker v. McCollan*,
    443 U.S. 137 (1979) ............................................................................ 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................ 6

*Brigham City v. Stuart*,
    547 U.S. 398 (2006) .......................................................................... 10

*Brooks v. City of West Point*,
    639 F. App'x 986 (5th Cir. 2016) ..................................................... 18

*Buehler v. Dear*,
    27 F.4th 969 (5th Cir. 2022) ....................................................... 12, 17

*California v. Hodari D.*,
    499 U.S. 621 (1991) .......................................................................... 16

*Carroll v. Ellington*,
    800 F.3d 154 (5th Cir. 2015) ............................................................ 17

*City of Hous. v. Hill*,
    482 U.S. 451 (1987) .......................................................................... 18

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ........................................................ 3, 15

*Collins v. Virginia*,
    138 S.Ct. 1363 (2018) ....................................................................... 15

*District of Columbia v. Wesby*,
  138 S. Ct. 577 (2018) ........................................................................... 8, 15

*Freeman v. Gore*,
  483 F.3d 404 (5th Cir. 2007) .............................................................. 11, 16

*Glenn v. City of Tyler*,
  242 F.3d 307 (5th Cir. 2001) ..................................................................... 12

*Graham v. Connor*,
  490 U.S. 386, 109 S. Ct. 1865 (1989) ................................................... 9, 11

*Herbst v. Deere & Co.*,
  No. 3:21-cv-44, 2021 U.S. Dist. LEXIS 227799 (S.D. Tex. 2021)
  (Brown, J) ................................................................................................... 3

*Illinois v. Gates*,
  462 U.S. 213 (1983) ..................................................................................... 9

*Joseph v. Bartlett*,
  981 F.3d 319 (5th Cir. 2020) ..................................................................... 17

*Kaley v. United States*,
  571 U.S. 320 (2014) ..................................................................................... 9

*Keenan v. Tejeda*,
  290 F.3d 252 (5th Cir. 2002) ................................................................ 13, 18

*Lincoln v. Scott*,
  887 F.3d 190 (5th Cir. 2018) ..................................................................... 16

*Marks v. Hudson*,
  933 F.3d 481 (5th Cir. 2019) ..................................................................... 18

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002) ..................................................................... 14

*Mesa v. Prejean*,
  543 F.3d 264 (5th Cir. 2008) ................................................................ 13, 18

*Morrow v. Meachum*,
  917 F.3d 870 (5th Cir. 2019) ..................................................................... 14

*Pierce v. Smith*,
  117 F.3d 866 (5th Cir. 1997) ..................................................................... 15

*R2 Investments LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ..................................... 6

*Rice v. ReliaStar Life Ins. Co.*,
    770 F.3d 1122 (5th Cir. 2014) .................................. 10

*Rockwell v. Brown*
    664 F.3d 985 (5th Cir. 2011) .................................. 15

*Scanlan v. Tex. A&M Univ.*,
    343 F.3d 533 (5th Cir. 2003) .................................... 3

*Southland Sec. Corp. v. Inspire Solutions, Inc.*,
    365 F.3d 353 (5th Cir. 2004) .................................... 6

*Tarver v. City of Edna*,
    410 F.3d 745 (5th Cir. 2005) .............................. 11, 12

*Templeton v. Jarmillo*,
    28 F.4th 618 (5th Cir. 2022) ......................... 12, 14, 15

*Terry v. Ohio*,
    392 U.S. 1 (1968) ...................................... 7, 8, 13

*Timpa v. Dillard*,
    20 F.4th 1020 (5th Cir. 2021) ................................. 17

*U.S. v. Antone*,
    753 F.2d 1301 (5th Cir. 1985) ................................... 9

*United States v. Blount*,
    123 F.3d 831 (5th Cir. 1997) .................................. 10

*United States v. Darrell*,
    945 F.3d 929 (5th Cir. 2019) ................................... 7

*United States v. Ibarra-Sanchez*,
    199 F.3d 753 (5th Cir. 1999) ................................... 7

*United States v. Jordan*,
    232 F.3d 447 (5th Cir. 2000) ................................. 7, 8

*United States v. Massi*,
    761 F. 3d 512 (5th Cir. 2014) ................................. 16

*United States v. Mendenhall*,
446 U.S. 544 (1980) ................................................................................................ 16

*United States v. Mendoza-Burciaga*,
981 F.2d 192 (5th Cir. 1992) ................................................................................. 10

*United States v. Sharpe*,
470 U.S. 675 (1985) .................................................................................................. 8

*United States v. Thomas*,
997 F.3d 603 (5th Cir. 2021) ............................................................................. 7, 8

*Villarreal v. City of Laredo*,
44 F.4th 363 (5th Cir. 2022) .............................................................................. 13

*Vulcan Materials Co. v. City of Tehuacana*,
238 F.3d 382 (5th Cir. 2001) ................................................................................. 6

*Westfall v. Luna*,
903 F.3d 534 (5th Cir. 2018) .............................................................................. 12

## Constitutions

United States Constitution First Amendment ....................................... 12, 13, 18

United States Constitution Fourth Amendment .............................. 5, 7, 10, 11, 15, 16, 17

## Statutes

42 U.S.C. § 1983 ........................................................................................................ 1, 9

## Court Rules

Rule 12(b)(6) ................................................................................................................ 1

CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

1.      Defendant West sent Plaintiff correspondence advising of the deficiencies in Plaintiff's complaint on September 23, 2022. Plaintiff agreed, in part, to certain pleading deficiencies and amended her complaint, but Plaintiff's amendment did not cure the other pleading deficiencies. Plaintiff's third amended complaint continues to fail to state a claim upon which relief may be granted. Officer West moves to dismiss Plaintiff's complaint.

## NATURE & STAGE OF THE PROCEEDING

2.      This is a lawsuit under 42 U.S.C. § 1983, asserting claims of arrest without probable cause, excessive force, unlawful entry, and retaliation against Officer Matthew West. Since Plaintiff's amended complaint [Doc. 15] fails to state a claim upon which relief may be granted, against Officer West, Officer West moves to dismiss Plaintiff's complaint under Rule 12(b)(6).

## PLAINTIFFS ALLEGATIONS

3.      Plaintiff alleges that on the evening of March 15, 2022, officers from the City of Clute, Brazoria County Sherriff's Office, and the City of Richwood responded to a call of service of several people fighting at Plaintiff's apartment complex. [Doc. 15, ¶¶15-18]. Plaintiff alleges Clute Officers West, Garcia, Ethridge, and Crawley observed Plaintiff standing outside by her opened apartment door. *Id* at ¶19. The officers observed an individual running towards Plaintiff's open apartment door, but officers detained the individual before that individual could enter Plaintiff's apartment. *Id* at ¶¶20-21. The

occupants inside Plaintiff's apartment shut the door, preventing further investigation, as officers arrested the fleeing individual. *Id* at ¶¶22-25. Plaintiff instructed officers not to enter Plaintiff's apartment as Officers attempted to continue their investigation. *Id.* Officer West moved Plaintiff because Plaintiff was standing near Officers Garcia and Ethridge. *Id* at ¶¶26-30. Officer West detained Plaintiff near the front window of Plaintiff's neighbor's apartment. *Id* at ¶¶31-32. Plaintiff did not sustain any injury. *Id.*

4.      Officer West attempted a leg sweep maneuver and forced Plaintiff to the ground in a manner that Plaintiff claims resulted in Plaintiff's alleged injury. *Id* at ¶33. Officers Garcia, Ethridge, and Crawley entered and searched Plaintiff's apartment after an occupant of Plaintiff's apartment opened the door. *Id* at ¶¶34-45. Officer West removed handcuffs from Plaintiff's hands within minutes after initially handcuffing Plaintiff. *Id* at ¶1, ¶45-50. Plaintiff entered her apartment as officers who Plaintiff fails to identify continued their investigation of the incident by questioning an occupant of Plaintiff's apartment. *Id.* When EMS arrived, Plaintiff denied medical treatment from EMS *Id* at ¶¶51-52.

5.      On March 17, 2022, Plaintiff filed a citizen complaint with the City's police department. *Id* at ¶53. No officer was disciplined as a result of the internal affairs investigation. *Id* at ¶¶54-59. Plaintiff was unemployed at the time of the incident and, although Plaintiff admits she has been offered the opportunity for employment, Plaintiff has chosen not to accept employment. *Id* at ¶¶58-61.

ALLEGATIONS IN LIGHT OF THE VIDEO REFERENCED IN PLAINTIFF'S
COMPLAINT

6.      "In determining whether to grant a **motion to dismiss**, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). "However, there is one limited exception to this rule: A court may consider document attached to a motion to dismiss if the documents 'are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims.'" *Herbst v. Deere & Co.*, No. 3:21-cv-44, 2021 U.S. Dist. LEXIS 227799, at *8 (S.D. Tex. 2021) (Brown, J) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

7.      Plaintiff's complaint is replete with references to the incident report[1], Officer Ethridge's body-camera video,[2] Sergeant Garcia's body-camera video,[3] and Officer Crawley's body-camera video[4] central to Plaintiff's complaint allegations. The incident report is attached as Exhibit 1, Officer Ethridge's body camera video as Exhibit 2, Sergeant Garcia's body camera video as Exhibit 3, and Officer Crawley's body camera video as Exhibit 4. The videos belie Plaintiff's pleading allegations.

8.      Officer West was dispatched to Plaintiff's apartment building in reference to ten people fighting. [Exhibit 1, p. 9-10]. Similarly, Ofc. Ethridge and Sgt. Garcia were

---

[1] Doc. 15, ¶18.
[2] Doc. 15, pp.7, 8; ¶74.
[3] Doc. 15, p.11.
[4] Doc. 15, pp. 10, 11, 13.

dispatched to the Plaintiff's apartment complex on a report of "males on top of women…

be advised there are three separate fights". [Exhibit 2 & 3, at counter 4:33:03-4:33:08].

9.      Upon arrival, Ofc. Ethridge and Sgt. Garcia observed a chaotic scene of several

intoxicated individuals around Plaintiff's open apartment door fighting, shouting

expletives at each other, and one shirtless intoxicated male arguing with a female in a

grey shirt. [Exhibit 2 & 3 at 4:35:00-4:36:02]. Several individuals standing near the

shirtless male ran into Plaintiff's apartment. *Id*. The shirtless male also attempted to flee

into Plaintiff's apartment. *Id*.

10.     Officer Ethridge and Sgt. Garcia attempted to handcuff the shirtless male subject

who physically resisted. [Exhibit 2 &3, at counter 4:35:20-4:36:02]. During the melee,

Ofc. Ethridge radioed other officers to "step it up." [*Id* at 4:36:02-4:36:03]. Plaintiff and

several other individuals continued to yell and stand directly over Ofc. Ethridge and Sgt.

Garcia as the officers were struggling with the resisting male subject. [*Id* at 4:35:27-

4:36:12].

11.     Officer West arrived on the scene and observed one detained shirtless male and

several individuals yelling at Ofc. Ethridge and Sgt. Garcia as the officer were attempting

to locate other suspects who fled into Plaintiff's apartment. [Exhibit 1, at p.9-10; Exhibit

2 &3, at counter 4:36:26-4:36:36]. Officer West observed Plaintiff to be aggressive as

Plaintiff approached Ofc. Ethridge and Sgt. Garcia. [Exhibit 1, at p. 9; Exhibit 2, at

Counter 4:36:34-4:36:40; Exhibit 4, at counter 4:36:50-4:37:12]. Officer West detained

Plaintiff for Plaintiff's own safety and the safety of others present. As Ofc. West detained

Plaintiff, an intoxicated female approached Ofc. West from behind and interfered with Ofc. West's efforts to detain Plaintiff. [Exhibit 2, at Counter 4:36:34-4:36:40].

12.     Officer West was forced to use a leg sweep maneuver due to Plaintiff's non-compliance with Ofc. West's instantaneous instructions to sit on the ground and other avoid other suspect's interference that occurred moments before. [Exhibit 4, at counter 4:36:50-4:37:12; Exhibit 2, at Counter 4:36:34-4:36:40]. Officer West removed Plaintiff's handcuffs three minutes later. [Exhibit 2, at 4:40:57-4:41:07]. Plaintiff voluntarily remained, standing at the scene during the remainder of the officers' investigation.

## SUMMARY OF THE ARGUMENT

13.     Plaintiff fails to allege facts which state a plausible claim for relief against Officer West. Plaintiff's allegations, particularly informed by the documents and videos Plaintiff incorporates into her complaint, do not make out a claim of a violation of the First or Fourth Amendment to the United States Constitution. Further, Plaintiff fails to allege facts which overcome the presumption of Officer West's immunity on either, let alone both prongs of immunity.

## ARGUMENT & AUTHORITIES

## I.      Standard of Review

14.     In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court enunciated the pleading standard required for a plaintiff to state a plausible claim for relief and fruther detailed the appropriate method for analyzing the adequacy of pleading allegations under

the controlling standard. Under that governing standard, the Court must perform "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id*. at 686.

15.    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at  678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Listing generalized legal standards, without providing substantive factual matter to support them, as Plaintiff has done in this case, does not state a claim. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

16.    The Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004). A complaint states a claim only where well-pleaded *factual* allegations plausibly support an entitlement to relief. *Id.*

## II.       Plaintiffs fails to state a claim.

### A.       Plaintiffs fails to state a claim under the Fourth Amendment.

#### 1.    As a matter of law Plaintiff's temporary detention was not an arrest.

17.     What Plaintiff describes is not an arrest, but rather a *Terry* stop and detention. "An officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968). "[*Terry*] does not require certainty that a crime is in fact being committed." *United States v. Darrell*, 945 F.3d 929, 939 (5th Cir. 2019) "Under *Terry*, if a law enforcement officer can point to specific, articulable facts that lead him to reasonably suspect 'that criminal activity may be afoot,' he may briefly detain an individual to investigate." *Id* at 932. "[T]he level of suspicion the [reasonable suspicion] standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *United States v. Thomas*, 997 F.3d 603, 610 (5th Cir. 2021).

18.     "[A]ny analysis of reasonable suspicion is necessarily fact-specific, and factors which by themselves may appear innocent, may in the aggregate rise to the level of reasonable suspicion. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999).

19.     Viewed in the aggregate, as with the benefit of videos of the scene, Ofc. West was dispatched to Plaintiff's apartment building in reference to ten people fighting when Ofc. West observed several intoxicated individuals, including Plaintiff, acting aggressively

and encroaching upon Ofc. Ethridge and Sgt. Garcia. *supra* ¶¶8-12."Looking at the actions of these officers from an objective standard, as *Terry* requires,"[5] Officer West reasonably suspected Plaintiff, and others around Plaintiff, were some of the ten people engaged in criminal activity of assault that prompted the call for service. An Officer observing and knowing what Officer observed could reasonably and Plaintiff was subject to an involuntary stop and that presented a danger to Ofc. West and others at the scene in light of Plaintiff's aggressive approach toward other officers on the scene. *Compare, Thomas* 997 F.3d at 611.

20.     Plaintiff claims her handcuffing, for three minutes, after which Plaintiff voluntarily remained at the scene while other officers searched Plaintiff's apartment is a *de facto* arrest, but there is no such thing. In fact, the clearly established law instructs the very contrary. "[H]andcuffing a suspect does not automatically convert an investigatory detention into an arrest requiring probable cause." *Jordan*, 232 F.3d 450. "If the purpose underlying a Terry stop -- investigating possible criminal activity -- is to be served, the police must under certain circumstances be able to detain the individual for longer than the brief time period involved in *Terry*." *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985). Three minutes is on the very short end of time permitted for a *Terry* stop. *Compare United States v. Sharpe*, 470 U.S. 675, 686 (1985).

21.     Even if probable cause was required for Plaintiff's temporary detention— it was not—"[p]robable cause 'is not a high bar.'" *District of Columbia v. Wesby*, 138 S. Ct.

---

[5] *United States v. Thomas*, 997 F.3d 603, 611 (5th Cir. 2021).

577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 323 (1983). "The probable cause issue must be analyzed under the 'totality of the circumstances' as to whether there is a 'fair probability' that a crime is occurring." *U.S. v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 237 (1983)). Probable cause is an objective standard that must be viewed from the perspective of a hypothetical reasonable officer." *Devenpeck*, 543 U.S. 153; *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

### 2. Plaintiff fails to state a claim of unlawful entry.

22.    Plaintiff also fails to allege facts to state a claim for unlawful entry and instead concedes that "Understandably, the officers were likely investigating and trying to identify individuals in the reported fight." [Doc. 15, ¶99]. The video evidence Plaintiff references disprove such a claim against Officer West. Specifically, Plaintiff only offers conclusory assertions, but no facts to show, the absence of exigent circumstances that necessitated following suspects into Plaintiff's apartment. Officers are not required to obtain a warrant where 'the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the

Fourth Amendment.'" *Rice v. ReliaStar Life Ins. Co.,* 770 F.3d 1122, 1130-31 (5th Cir. 2014) (*citing Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)).

23.     "The exigent circumstances analysis focuses upon the reasonableness of the officers' investigative tactics leading up to the warrantless entry." *United States v. Blount*, 123 F.3d 831, 838 (5th Cir. 1997). "In evaluating exigency, it must be borne in mind that [courts] should consider the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *Id* at 838.

> The "purpose [of the exigent circumstances analysis] is *not* to examine each act in isolation and inquire whether the officers *could* have acted differently. If 'reasonable minds may differ' the courts should not second-guess the judgment of experienced law enforcement officers concerning the risks of a particular situation.

*Id*.

24.     Notably, even Plaintiff admits that unidentified officers entered[6] Plaintiff's apartment to follow several suspects who fled into Plaintiff's apartment. "The circumstances that justify warrantless searches include those in which officers reasonably fear for their safety…or where there is risk of a criminal suspect's escaping." *United States v. Mendoza-Burciaga*, 981 F.2d 192, 196 (5th Cir. 1992). Here, upon arrival, Ofc. Ethridge witnessed several individuals who Ofc. Ethridge believed to be suspects who were actively involved in the altercation enter Plaintiff's apartment in an attempt to flee. [Exhibit 1, at pp.6-7]. Sergeant Garcia witnessed "4 or 5" individuals run inside

---

[6] Plaintiff does not allege a unlawful search claim against Ofc. West.

Plaintiff's apartment.  *Id* at pp.11-13. Officer West was aware of the fleeing suspects as Ofc. West observed Ofc. Ethridge and Sgt. Garcia's efforts to locate the fleeing suspects. *Id* at p.9. Exigent circumstances are readily apparent in light of the fleeing suspects such that all officers, including Officer West, were justified in a warrantless entry of the Plaintiff's home. To locate those suspects and secure the Officers' own safety.

### 3. Plaintiff fails to state a claim of excessive force.

25.   "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1871-72 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. The "excessive force claim is separate and distinct from [any other asserted] claim, and [the court] must therefore analyze the excessive force claim without regard to whether the [detention] itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007); accord *Flores*, 381 F.3d at 403; *Tarver v. City of Edna*, 410 F.3d 745, 751-52 (5th Cir. 2005).

26.   Here, Plaintiff's own allegations show Ofc. West used only "measured and ascending" actions in the form of a leg sweep—utilizing little to no force at all—that corresponded to Plaintiff's demonstrated and escalating refusal to sit down and Plaintiff's physical resistance as Plaintiff attempted to approach Ofc. Ethridge and Sgt. Garcia.

[Exhibit 4 at 4:36:56-4:37:13; Exhibit 3 at 4:36:33-4:37:05]. Plaintiff has not and cannot allege facts to state an excessive force claim based on the leg-sweep maneuver.

27.      Moreover, Plaintiff also fails to allege facts suggesting any injury, much less anything more than a *de minimis* injury associated with alleging 1) being grabbed and handcuffed by Officer West, and 2) being shoved into the window of Plaintiff's neighbor's apartment while being handcuffed. "Although [the Fifth Circuit] no longer require[s] 'significant injury' for excessive force claims, the injury must be more than *de minimis*." *Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018) (quoting *Tarver v. City of Edna*, 410 F.3d 745 (5th Cir. 2005). To be sure, excessive force is not handcuffing because "[t]ight handcuffing alone, even where a detainee sustains minor injuries, does not present an excessive force claim." *Templeton v. Jarmillo,* 28 F.4th 618, 622 (5th Cir. 2022). *See also*, *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Plaintiff alleges no facts to state an excessive force claim for being pushed into the window.

28.      At best, Plaintiff alleges a knee injury but Plaintiff fails to allege facts that show Plaintiff's alleged knee injury was more than *de minimis*, particularly in light of Plaintiff's admitted refusal of medical care at the scene. *Compare Buehler v. Dear*, 27 F.4th 969, 983 (5th Cir. 2022).

**B.      Plaintiff has does not state a First Amendment claim.**

29.       "[T]o establish a First Amendment retaliation claim against an ordinary citizen, [Plaintiff] must show that (1) [she] w[as] engaged in constitutionally protected activity, (2) [Officer West's] actions caused [Plaintiff] to suffer an injury that would chill a person

of ordinary firmness from continuing to engage in that activity, and (3) [Officer West's] adverse actions were substantially motivated against the [plaintiff's] exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

30.     Nothing about Plaintiff's conclusory assertions even suggest Officer West's *Terry* stop and detention of Plaintiff **was substantially motivated** by Plaintiff's speech. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 679.

31.     Plaintiff fails to allege *any* facts to show a causal relationship between any speech and Plaintiff's detention. To be sure, the First Amendment does not give citizens free rein to avoid detention or arrest "by contemporaneously shouting 'police officers are corrupt.'" *See Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Assuming *arguendo* Plaintiff was arrested, "any **argument** that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Id.* (emphasis added).

32.     Moreover, the Fifth Circuit has consistently held that a "[First Amendment] retaliation claim requires some showing that *the [plaintiff's]* exercise of free speech has been curtailed." *Villarreal v. City of Laredo*, 44 F.4th 363, 373 (5th Cir. 2022) (emphasis in original). Plaintiff's actions of harassing officers on the scene by shouting expletives and ordering the officers outside her home illustrate Plaintiff's speech was not curtailed and that Plaintiff cannot show plausible *facts* of a causal connection between the speech

and Plaintiff's temporary detention. [Exhibit 2, at Counter 4:36:34-4:36:40; Exhibit 4, at counter 4:36:50-4:37:12].

### III.   Plaintiff fails to overcome the presumption of Officer West's qualified immunity.

33.     Beyond Plaintiff's burden to allege *facts* to state a claim, "(t)o overcome [Officer West's] qualified immunity defense, plaintiff must allege facts showing that [Officer West] (1) 'violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Jarmillo* 28 F.4th at 621 (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731-35 (2011). "Because [Officer West] invoked a qualified immunity defense, the burden shifts to [Plaintiff] to show the officers violated his clearly established rights. *Id*.

34.     "The second question—whether the officer violated clearly established law—is a doozy." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). "A right is clearly established [only] when it is defined 'with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.'" *Jarmillo*, 28 F.4th 621(citing *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002). "Although a plaintiff does not need to identify a case 'directly on point' to meet this burden[s], he must identify caselaw that 'place[s] the statutory or constitutional question beyond debate.'" *Jarmillo*, 28 F.4th 621 (quoting *al-Kidd*, 563 U.S. 731, 741, (2011)).

35.     "Citing caselaw generally referring to the prohibition on officers' using excessive force does not suffice. *Id.* Rather, "[o]vercoming qualified immunity requires showing clearly established law supporting the plaintiff's claim, and that demands "that the legal

principle clearly prohibit the officer's conduct in the particular circumstances before him." *Jarmillo*, 28 F.4th 621 (quoting *Wesby* 138 S. Ct. at 590). This portion of the analysis "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v. Smith*, 117 F.3d 866, 882 n. 5 (5th Cir. 1997).

### A. Officer West is Immune from Plaintiff's Fourth Amendment Claims

36.     Plaintiff cites *Collins v. Virginia*, 138 S.Ct. 1363, 1670 (2018); and *Rockwell v. Brown* 664 F.3d 985, 994-96 (5th Cir. 2011) in support of Plaintiff's claim of unlawful entry, but neither address the exigent circumstances presented here. Further, neither case illustrates clearly established law that overcomes the presumption of Officer West's qualified immunity. *Collins* is a criminal case in which the court held the automobile exception to the warrant requirement does not permit the warrantless entry of a home or its curtilage to search a vehicle on the property. *Collins* 138 S.Ct. 1670, 1675. *Collins* does not even remotely address the issue of qualified immunity implicated here. Even more fatal to Plaintiff's claims, in *Rockwell* the Fifth Circuit reversed the district court's denial of the officer's qualified immunity, holding "the officers were entitled to qualified immunity on all of the Rockwells' unlawful-entry claims. *Rockwell* 664 F.3d 994. Obviously, a case that found immunity not waived for an alleged entry and search does not "clearly establish" the law disposing of the *presumption* of Ofc. West's immunity under the facts of the instant case.

37.     As for Plaintiff's claim of arrest without probable cause, Plaintiff cites *Freeman v. Gore*, 483 F.3d 404, 411-13 (5th Cir. 2007), but that case is quite distinct from the scant facts Plaintiff alleges here and not sufficient to constitute clearly established law considering the Plaintiff's conclusory allegations here.

38.     Plaintiff cites *United States v. Massi*, 761 F. 3d 512, 523 (5th Cir. 2014), however, *Massi* involved an automobile search at an airport where the law enforcement agents held Massi for over five hours so law enforcement officials could obtain a search warrant— facts clearly not present here.

39.     Plaintiff cites *Lincoln v. Scott*, 887 F.3d 190, 196 (5th Cir. 2018), but Plaintiff misses the mark yet again. In *Lincoln*, the Fifth Circuit held officers were **entitled to qualified immunity** after holding a witness for over four hours for questioning, much less than the three minutes here.

40.     In *United States v. Mendenhall*, 446 U.S. 544, 553 (1980), the Supreme Court held that no "seizure" occurred. Thus *Mendenhall* cannot constitute clearly established law to overcome Officer West's qualified immunity. Even more detrimental to Plaintiff's argument is Plaintiff's citation to *California v. Hodari D.*, 499 U.S. 621, 626 (1991), in which the Supreme Court held a juvenile suspect *was not seized* within the meaning of the Fourth Amendment as  "the  word 'seizure' readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." *Id* at 626. Here, Plaintiff admits she was released from handcuffs and

Plaintiff fails to allege facts that show any officer asserted authority that required Plaintiff to remain on the scene. Video evidence shows the opposite. *see supra* ¶¶ 8-12.

41.     As for Plaintiff's excessive force claim, Plaintiff cites *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021); and *Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015). However, *Timpa* is a wrongful death case where the *Timpa* plaintiffs alleged officers caused a death through prolonged use of a prone restraint with bodyweight force during his arrest. *Timpa* 20 F.4th 1020, 1038. Obviously, nothing about *Timpa* touches on the allegations here.

42.     In *Carroll*, the Fifth Circuit held an officer was **entitled to qualified immunity** for all Fourth Amendment claims including unlawful seizure, warrantless entry into the Plaintiff's home, and excessive force by the use of a taser in light of the suspect's active resistance. *Carroll* 800 F.3d 154, 170-176. The only claim on which the *Carroll* Court did not find the officers entitled to qualified immunity was an excessive force claim that **five officers collectively** injured the suspect **after the suspect was restrained**. *Id* at 177. Here, Plaintiff does not even allege facts such that anything from *Carroll* would apply.

43.     In *Buehler v. Dear*, 27 F.4th 969, 983 (5th Cir. 2022), the Fifth Circuit held "the Officers stayed not only within the bounds of 'clearly established law,' but also within those of the Fourth Amendment.'" *Id* at 989.

44.     The facts in *Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020) are a far stretch from the facts here as the officers in *Bartlett* allegedly punched and kicked an unhandcuffed plaintiff twenty-six times before tasing the plaintiff at least twice. Similarly, in *Aguirre v. City of San Antonio*, 995 F.3d 395, 412 (5th Cir. 2021), the

officers held Plaintiff in a "hog-tie" position for five and a half minutes after Plaintiff was handcuffed. *Id* at 411-412. No such facts are present here.

**B.    Officer West is Immune from Plaintiff's First Amendment Claims**

45.    Plaintiff cites *City of Hous. v. Hill*, 482 U.S. 451, 461-63 (1987) for the misguided proposition that Plaintiff did not use "fighting words," but fails to state how the "fighting words" exception outlined in Hill has any bearing on the facts here.

46.    Plaintiff also cites *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008), but in *Mesa* the Fifth Circuit did not opine on the First Amendment claim as that claim hinged on whether probable cause was present to arrest Plaintiff. *Id*. Similarly, in *Keenan v. Tejeda*, 290 F.3d 252, 256 (5th Cir. 2002), the Fifth Circuit did not reach the issue of qualified immunity based on the factual disputes in the evidence. Lastly, Plaintiff cites an unpublished case of  *Brooks v. City of West Point*, 639 F. App'x 986, 987 (5th Cir. 2016), which as a matter of law cannot – as unpublished - constitute "clearly established law." *See Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019). Regardless, the facts in *Brooks* do not bear any resemblance to Plaintiff's conclusory allegations.

47.    Simply put, Plaintiff has not identified and cannot identify any case law in the Fifth Circuit, let alone a "robust consensus of persuasive authority" that would have placed Officer West on notice that any of Officer West's conduct made the basis of this suit is in violation of clearly established law. Officer West should be entitled to qualified immunity for all claims.

CONCLUSION AND PRAYER

48.     The Court should dismiss Plaintiff's complaint against Officer Matthew West, with prejudice.

Respectfully submitted,

*/s/ William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
S.D. Tex. Bar No. 8791
Norman Ray Giles
Texas Bar No. 24014084
S.D. Tex. Bar No. 26966
Randy E. Lopez
Texas Bar No. 24091829
S.D. Tex. Bar No. 3369137

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANT
Officer Matthew West

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to

the following counsel of record in accordance with the District's ECF service rules on

November 2, 2022.

> Brandon J. Grable
> Grable Grimshaw PLLC
> brandon@g2.law
> 1603 Babcock Road, Suite 280
> San Antonio, Texas 78229
>
> *Attorney for Plaintiff*
>
> Steven D. Selbe
> sselbe@grsm.com
> Hee Jin Chang
> hchange@grsm.com
> Gordon Rees Scully Mansukhani, LLP
> 1900 West Loop South, Suite 1000
> Houston, Texas 77027
>
> *Attorneys for the City of Clute, Sgt. Kyle Garcia,*
> *Officer Christopher Ethridge, and Officer Craig*
> *Crawley*

/s/ *William S. Helfand*