IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WHITNEY SPAULDING, § § Plaintiff, § § vs. § § MATTHEW WEST, SERGEANT KYLE § GARCIA, OFFICER CHRISTOPHER § ETHRIDGE, OFFICER CRAIG CRAWLEY, § CITY OF CLUTE, JANE DOE, JOHN DO 1 § AND JOHN DOE 2, § § Defendants. § | Civil Action No. 3:22-cv-00292 |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Sergeant Kyle Garcia, Officer Christopher Ethridge and Officer Craig Crawley (collectively referred to as "Clute Individual Defendants") file this Motion to Dismiss with regard to Plaintiff's Third Amended Complaint [Doc. 15] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for same would show as follows:

I.

### CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

Defendants sent Plaintiff correspondence advising of the deficiencies in Plaintiff's complaint on September 30, 2022. Plaintiff agreed, in part, to seek to remedy certain pleading deficiencies and has now amended her complaint (twice) and the active pleading is Plaintiff's Third Amended Complaint. These Defendants

2 | P a g e

do not believe that Plaintiff's amendment cured the other pleading deficiencies. Because Plaintiff's Third Amended Complaint continues to fail to state a claim upon which relief may be granted against the Clute Individual Defendants, they move to dismiss Plaintiff's complaint and the requirements of Rule 6 of the Galveston Procedural Rules have been met.

## II.
## NATURE AND STAGE OF PROCEEDINGS

This is a 42 U.S.C. § 1983 lawsuit in which Plaintiff asserts claims of unlawful entry and unlawful search against Defendants Garcia, Ethridge and Crawley [Doc 15, paras. 77 through 90 and 120 through 125] and a claim for supervisory liability against Sergeant Garcia [Doc. 15, paras. 126 through 135]. Because Plaintiff's amended complaint fails to state a claim upon which relief may be granted, against the Clute Individual Defendants, they move to dismiss Plaintiff's complaint under Rule 12(b)(6).

## III.
## STATEMENT OF ISSUES PRESENTED

The issues presented in this Motion are as follows:

(1) Are Plaintiff's claims sufficient to state a constitutional violation as against these officers with regard to unlawful entry?

(2) Are Plaintiff's claims sufficient to state a constitutional violation as against these officers with regard to unlawful search?

(3)  Has Plaintiff pleaded a viable cause of action against Sergeant Garcia for supervisory liability?

(4)  Does Plaintiff's pleading overcome these officers entitlement to qualified immunity with regard to Plaintiff's excessive force claim?

## IV.
## STANDARD OF REVIEW PURSUANT TO RULE 12(b)(6)

A Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to provide the "grounds of his entitlement to relief." FED. R. CIV. P. 12(b)(6) ("failure to state a claim upon which relief can be granted"); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. 556); *Young. v. Vanerson*, 612 F.Supp.2d 829, 846 (S.D. Tex. 2009).

To survive a motion to dismiss, Plaintiff's complaint must state a "plausible" claim for relief:

> Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 679 (internal citations and quotations omitted). Plaintiff's complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotations omitted)).

Under *Twombly*, a plaintiff's complaint must "nudg[e] his claim across the line from conceivable to plausible." *Id*. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678. Legal conclusions "must be supported by factual allegations." *Id*. "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Piolets Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## V.
## FACTUAL BACKGROUND ALLEGATIONS

**Plaintiff's Pleaded Version**

Plaintiff alleges that on the evening of March 15, 2022, officers from the City of Clute, Brazoria County Sherriff's Office, and the City of Richwood responded to a call of service of several people fighting at Plaintiff's apartment complex. [Doc.

15, paras. 15-18]. Plaintiff alleges that Clute Officers West, Garcia, Ethridge, and Crawley observed Plaintiff standing outside by her opened apartment door. *Id* at para. 19. The officers observed an individual running towards Plaintiff's open apartment door, but officers detained the individual before that individual could enter Plaintiff's apartment. *Id* at paras. 20-21. The occupants inside Plaintiff's apartment shut the door, preventing further investigation, as officers arrested the fleeing individual. *Id* at paras. 22-25. Plaintiff alleges she instructed officers not to enter her apartment as Officers attempted to continue their investigation. *Id*. Officer West moved Plaintiff because Plaintiff was standing near Officers Garcia and Ethridge. *Id* at paras. 26-30. Officer West detained Plaintiff near the front window of Plaintiff's neighbor's apartment. *Id* at paras. 31-32. Plaintiff does not allege she sustained any injury. *Id.*

    Officer West attempted a leg sweep maneuver and forced Plaintiff to the ground in a manner that Plaintiff claims resulted in Plaintiff's alleged injury. *Id* at para. 33. Officers Garcia, Ethridge, and Crawley entered and searched Plaintiff's apartment after an occupant of Plaintiff's apartment opened the door. *Id* at paras. 34-45. Officer West removed handcuffs from Plaintiff's hands within minutes after initially handcuffing Plaintiff. *Id* at paras. 45-50. Plaintiff entered her apartment as officers who Plaintiff fails to identify continued their investigation of the incident by questioning an occupant of Plaintiff's apartment. *Id*. When EMS arrived, Plaintiff refused medical treatment from EMS *Id* at paras. 51-52.

On March 17, 2022, Plaintiff filed a citizen complaint with the City's police department. She alleges that no officer was disciplined as a result of the internal affairs investigation. *Id* at paras. 54-59. Plaintiff was unemployed at the time of the incident and, although Plaintiff admits she has been offered the opportunity for employment, Plaintiff has chosen not to accept employment. *Id* at paras. 58-61.

**Video Version**

"In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). "However, there is one limited exception to this rule: A court may consider documents attached to a motion to dismiss if the documents 'are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims.'" *Herbst v. Deere & Co.*, No. 3:21-cv-44, 2021 U.S. Dist. LEXIS 227799, at *8 (S.D. Tex. 2021) (Brown, J) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

As stated by the Supreme Court, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-

81 (2007). Moreover, a court should not rely "…on such visible fiction…" when a video contradicts a plaintiff's allegations. *Id*. at 381-82.

Plaintiff's complaint is full of references to the incident report, Officer Ethridge's body-camera video, Sergeant Garcia's body-camera video, and Officer Crawley's body-camera video and, therefore, the report and videos are central to Plaintiff's complaint allegations. The incident report is attached to Defendant West's Motion to Dismiss [Doc. 18] as Exhibit 1, Officer Ethridge's body camera video as Exhibit 2, Sergeant Garcia's body camera video as Exhibit 3, and Officer Crawley's body camera video as Exhibit 4. The Exhibits will be referred to in this Motion by the same designations. The videos contradict Plaintiff's pleading allegations.

The Clute Officers were dispatched to Plaintiff's apartment building in reference to a disturbance with ten people fighting. [Exhibit 1, p. 9-10]. There were reports of "males on top of women... be advised there are three separate fights". [Exhibits 2 & 3, at counter 4:33:03-4:33:08].

Upon arrival, Officer Ethridge and Sergeant Garcia observed a melee involving several intoxicated individuals around Plaintiff's open apartment door fighting, shouting expletives at each other, and one shirtless intoxicated male arguing with a female in a grey shirt. [Exhibits 2 & 3 at 4:35:00-4:36:02]. Several individuals standing near the shirtless male ran into Plaintiff's apartment. *Id*. The shirtless male also attempted to flee into Plaintiff's apartment. *Id*.

Ethridge and Garcia attempted to handcuff the shirtless male subject who physically resisted. [Exhibits 2 & 3, at 4:35:20-4:36:02]. During their initial arrival at the chaotic situation, Oficer Ethridge radioed other officers to "step it up." [*Id* at 4:36:02-4:36:03]. Plaintiff and several other individuals continued to yell and stand directly next to and over Officer Ethridge and Sergeant Garcia as the officers were struggling with the resisting male subject. [*Id* at 4:35:274:36:12].

Officer West arrived on the scene and observed one detained shirtless male and several individuals yelling at Ethridge and Garcia as they were attempting to locate other suspects who fled into Plaintiff's apartment. [Exhibit 1, at p. 9-10; Exhibits 2 & 3, at counter 4:36:26-4:36:36]. Officer West observed Plaintiff aggressively approaching Ethridge and Garcia. [Exhibit 1, at p. 9; Exhibit 2, at Counter 4:36:34-4:36:40; Exhibit 4, at counter 4:36:50-4:37:12]. Officer West reported that he detained Plaintiff for Plaintiff's own safety and the safety of others present. As Officer West detained Plaintiff, an intoxicated female approached West from behind and interfered with his efforts to detain Plaintiff. [Exhibit 2, at Counter 4:36:34-4:36:40].

Officer West used a leg sweep maneuver due to Plaintiff's noncompliance with his instructions to sit on the ground and to avoid the other person's interference that occurred moments before. [Exhibit 4, at counter 4:36:50-4:37:12; Exhibit 2, at Counter 4:36:34-4:36:40]. Officer West removed Plaintiff's handcuffs

three minutes later. [Exhibit 2, at 4:40:57-4:41:07]. Plaintiff voluntarily remained, standing at the scene during the remainder of the officers' investigation.

After having witnessed several participants in the melee flee into Plaintiff's Apartment, the Clute Officers knocked on the door which was eventually answered. [Exhibit 2, at 4:37:18]. The suspect the Officers observed fighting was not seen and a door in the apartment was locked and the occupant would not open it for several minutes. Eventually, apparently at the behest of his sister, the suspect opened the locked door inside the apartment. [Exhibit 3, at 4:48:14]. No detailed search was done of the apartment other than a mere protective sweep. [See Exhibits, 2, 3 and 4 from 4:37:18 to 4:49:00].

## VI.
## ARGUMENTS AND AUTHORITIES

**Illegal Entry**

Plaintiff alleges that Sergeant Garcia and Officers Ethridge and Crawley are liable for "illegal entry." [Doc. 15, pp. 20-21, paras. 77-90]. However, Plaintiff fails to allege sufficient facts to state a claim for unlawful entry and instead concedes that "Understandably, the officers were likely investigating and trying to identify individuals in the reported fight." [Doc. 15, para. 99]. The video evidence Plaintiff references disproves such a claim against the Clute Individual Officers as the videos repeatedly shows the Officers only concerned about the apartment because "the guy we saw fighting ran in there." Plaintiff only offers conclusory assertions, but no facts

to show, the absence of exigent circumstances that necessitated following the suspect(s) into Plaintiff's apartment.

Police officers are not required to obtain a warrant where 'the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.'" *Rice v. ReliaStar Life Ins. Co.,* 770 F.3d 1122, 1130-31 (5th Cir. 2014) (*citing Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). "The exigent circumstances analysis focuses upon the reasonableness of the officers' investigative tactics leading up to the warrantless entry." *United States v. Blount*, 123 F.3d 831, 838 (5th Cir. 1997). "In evaluating exigency, it must be borne in mind that [courts] should consider the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *Id* at 838.

> The "purpose [of the exigent circumstances analysis] is *not* to examine each act in isolation and inquire whether the officers *could* have acted differently. If 'reasonable minds may differ' the courts should not second-guess the judgment of experienced law enforcement officers concerning the risks of a particular situation.

*Id*.

Once again, Plaintiff admits that unidentified officers entered Plaintiff's apartment to follow suspects who fled into Plaintiff's apartment. "The circumstances

that justify warrantless searches include those in which officers reasonably fear for their safety...or where there is risk of a criminal suspect's escaping." *United States v. Mendoza-Burciaga*, 981 F.2d 192, 196 (5th Cir. 1992). Here, having arrived at the chaotic beginning of the event, Officer Ethridge witnessed several individuals, who Ethridge believed to be actively involved in the altercation enter Plaintiff's apartment in an attempt to flee. [Exhibit 1, at pp .6-7]. Sergeant Garcia witnessed "4 or 5" individuals run inside Plaintiff's apartment. *Id* at pp. 11-13. Exigent circumstances are readily apparent in light of the fleeing suspects such that the Clute Individual Officers were justified in a warrantless entry of the Plaintiff's home to locate those suspects and secure the Officers' own safety.

An entry is reasonable if done to locate a suspect to prevent a later surprise attack. *United States v. Gould,* 364 F.3d 578, 581 (5th Cir.2004) (en banc), *abrogated in part on other grounds by Kentucky v. King,* 131 S.Ct. 1849 (2011); *See also*, *United States v. Santana,* 427 U.S. 38, 42-43 (1976) (Supreme Court upheld a warrantless entry into the home of a defendant because the police initiated an arrest while the defendant was standing in the open doorway of her home—a "public place"—but retreated inside before the police could apprehend her).

**Unlawful Search**

Plaintiff also contends in her amended complaint that the Clute Individual Officers committed an unlawful search after entering the apartment. [Doc. 15, paras. 120-125]. Once again, the video evidence Plaintiff references disproves such a claim against the Clute Individual Officers as the videos shows the Officers only doing an allowed cursory protective sweep for their own safety rather than a detailed search. [Exhibits 2, 3 and 4 at 4:37:18 to 4:49:00].

*Maryland v. Buie*, describes a protective sweep as "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." 494 U.S. 325, 327 (1990). The Fifth Circuit has held that 'arrest is not always, or *per se,* an indispensable element of an in-home protective sweep....'" *Cooksey v. State*, 350 S.W.3d 177, 185 (Tex. App. 2011) (citing *United States v. Gould,* 364 F.3d 578, 584 (5th Cir. 2004)).

The Clute Individual Defendants did not conduct a "search" of Plaintiff's apartment in any fashion other than a quick and limited sweep ensure their own safety. A protective sweep is not an illegal search and Plaintiff has failed to state a plausible cause of action in light of the video evidence.

**Supervisory Liability of Sergeant Garcia**

The last attempt by Plaintiff to state a cause of action against any of the Clute Individual Defendants is a supervisory liability theory against Sergeant Garcia [Doc.

15, paras. 126-135]. Plaintiff fails to articulate a plausible supervisory liability claim.

Plaintiff couches the supervisory liability claim as Sergeant Garcia "allowed" Officer West to seize the Plaintiff and use excessive force but those allegations ignore the video evidence that Sergeant Garcia was involved with suspects other that Plaintiff and was not observing on a minute to minute basis the actions of Officer West.

The "supervisory liability allegation actually reads more like "failure to intervene" liability which is not a viable cause of action in these circumstances. In *Morris v. Pierce*, a district court held that failure to intervene liability was not an available remedy because there was no evidence to suggest that the officer had a reasonable opportunity to intervene in a struggle that lasted ten to fifteen seconds. *Morris v. Pierce*, No. 07-cv-0080, 2008 U.S. Dist. LEXIS 70911, at *7 (W.D. La. Sep. 17, 2008).  Similarly, a district court in Texas determined there was no indication that an officer could have intervened to prevent the use of excessive force that occurred within a few seconds. *Gilbert v. French*, 2008 U.S. Dist. LEXIS 10193, at *27 (S.D. Tex. Feb. 12, 2008). Finally, with regard to the seizure allegation, it has been held that a "failure to intervene" cause of action is only available in the use of force context. *See*,  *Frakes v. Madsen*, 2015 LEXIS 159158 *24 (S.D. Tex.) *aff'd sub no*m, *Frakes v. Ott,* 668 Fed. Appx. 130 (5th Cir. 2016 (per curiam).

**Qualified Immunity**

In a Section 1983 case, a plaintiff must not only plead a plausible cause of action but must overcome the officer's claim of qualified immunity. There is a two-step inquiry for resolving government officials' qualified immunity claims mandated by the Supreme Court and a Court may address either step first. *Darden v. City of Fort Worth, Texas,* 880 F.3d 722, 727-28 (5th Cir. 2018) (cleaned up)[1]. The Court must determine (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* A right may be clearly established without "a case directly on point," but "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (cleaned up).

The Supreme Court has stated that "clearly established" means that "at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. *D.C. v. Wesby*, 138 S. Ct. 577, 589-90 (2018) (internal citations omitted). In other words, existing law must have placed the constitutionality of the officer's conduct

---

[1] *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Courts are free to consider the second prong without first deciding whether the facts show a constitutional violation.

"beyond debate." *Id.* This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law. *Id.*

Because the focus is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). "Clearly established law is determined by controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Clarkston v. White*, 943 F.3d 988, 993 (5th Cir. 2019) (cleaned up) "Whether an official's conduct was objectively reasonable [in light of the law that was clearly established at the time of the disputed action] is a question of law for the court, not a matter of fact for the jury." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Here, Plaintiff has cited to broad general principals but the amended complaint fails to cite to a single case with similar facts that would provide reasonable officers with a clear indication that their conduct would be unlawful. In other words, Plaintiff utterly fails to identify a case or a series of cases which would give an officer "fair notice" that his actions would be unconstitutional. *See*, *Lincoln v. Scott*, 887 F.3d 190, 196 (5th Cir. 2018) (the inability to cite to a string of cases demonstrates that the law is not so clearly established that an officer can be liable for wrongful detention); *See also*, *Solis v. Serrett*, 31 F.4th 975, 986-87 (5th Cir.

2022) (arresting officers were entitled to qualified immunity for their alleged conduct in restraining arrestee's arms, performing a takedown, and handcuffing her wrists behind her back, when arrestee was allegedly actively resisting, causing minor injuries in Fourth Amendment claim when recent case law demonstrated that the constitutional issue was far from "beyond debate").

Plaintiff's Third Amended Complaint fails to overcome the burden of establishing the Clute Individual Officers are not entitled to qualified immunity under these circumstances for the causes of action asserted against them.

## VI.
## CONCLUSION AND PRAYER

Defendants Sergeant Kyle Garcia, Officer Christopher Ethridge and Officer Craig Crawley respectfully request that the Court grant their Motion to Dismiss the claims asserted against them in Plaintiff's Third Amended Complaint as against these Defendants pursuant to FED. R. CIV. P. 12(b)(6) and any further relief, in law or equity, as this Court deems to be just and proper.

Respectfully submitted,

*/s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY IN CHARGE
So. Dist. No.: 18003
SBN: 18004600

sselbe@grsm.com

**ATTORNEY FOR CLUTE INDIVIDUAL DEFENDANTS, GARCIA, ETHRIDGE AND CRAWLEY**

**OF COUNSEL:**
**GORDON REES SCULLY MANSUKHANI, LLP**
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 10th day of November, 2022, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

*Steven D. Selbe*
Steven D. Selbe