UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WHITNEY SPAULDING,<br>    *Plaintiff,* | § § § | |
| vs. | § § | Case No. 3:22-CV-00292 |
| MATTHEW WEST, et al.,<br>    *Defendants.* | § § § | |

_____

**PLAINTIFF WHITNEY SPAULDING'S
UNOPPOSED MOTION TO MODIFY OR VACATE SCHEDULING ORDER**
_____

TO THE HONORABLE JEFFREY VINCENT BROWN, U.S. DISTRICT JUDGE:

Plaintiff **Whitney Spaulding** seeks to modify or vacate the docket control order entered in this case on December 7, 2022. *See* Dkt. No. 25.

# I.
# SUMMARY

Since the parties are not permitted to conduct discovery until the Court resolves the qualified immunity issues raised in this case, Plaintiff requests that the Court either extend the scheduling order another 12 months, or in the alternative, vacate the scheduling order until the qualified immunity issues are resolved. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense.").

## II.
## PROCEDURAL BACKGROUND

On **August 18, 2022**, Plaintiff filed this civil rights lawsuit against the City of Clute and individual officers with the Clute Police Department, Richwood Police Department, and Brazoria County. The lawsuit asserts that the defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights stemming from an incident on March 15, 2022. *See* Dkt. No. 1.

- Plaintiff's live pleadings are her third amended complaint, filed on **October 12, 2022**, at Dkt. No. 15, titled, *Plaintiff's Third Amended Complaint and Jury Demand*. These living pleadings limited the defendants to the City of Clute and its named police officers, Matthew West, Kyle Garcia, Christopher Ethridge, and Craig Crawley.

On **October 17, 2022**, the parties filed their *Joint Proposed Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure*. *See* Dkt. No. 17. The individual defendants alerted the Court of their assertion of qualified immunity, and that they were evaluating filing a motion to dismiss on that basis. Dkt. No. 17 at 2, 7. The parties identified the qualified immunity as a threshold matter before discovery could occur. Dkt. No. 17 at 5. The parties then requested a scheduling order that occurred 75 days after the Court considered the defendants' motion to dismiss. Dkt. No. 17 at 5–6.

On **November 2, 2023**, Officer West moved to dismiss under Rule 12(b)(6), in part, based on qualified immunity. *See* Dkt. No. 18 at 14–18.

- Plaintiff responded to this motion on November 16, 2023. *See* Dkt. No. 22.
- Officer West filed a reply on November 23, 2023. *See* Dkt. No. 24.

On **November 10, 2022**,[1] Officers Garcia, Ethridge, and Crawley, moved to dismiss under Rule 12(b)(6), in part, based on qualified immunity. *See* Dkt. No. 20 at 14–16.

- Plaintiff responded to this motion on November 22, 2023. *See* Dkt. No. 23.

On **December 7, 2022**, the parties held a status conference with Magistrate Judge Andrew M. Edison. The scheduling order, titled, *Docket-Control Order*, was entered that same day. *See* Dkt. No. 25.

### III.
### AUTHORITIES AND ARGUMENTS

Plaintiff requests that the Court modify the scheduling order at Dkt. No. 25, at least one year from the current deadlines to allow sufficient time for the Court to

---

[1] The City of Clute also moved to dismiss under Rule 12(b)(6) on November 10, 2022. *See* Dkt. No. 21.

resolve the motions to dismiss at Dkt. Nos. 18 and 20.  Under the Federal Rules of Civil Procedure, courts may modify a scheduling order with good cause." FED. R. CIV. P. 16(b)(4).  "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)).

In the alternative, Plaintiff requests that the Court vacate the scheduling order and issue a new scheduling order only after the motions to dismiss are adjudicated by the Court.  Under the Federal Rules of Civil Procedure, a court "must issue [a] scheduling order as soon as practicable" after it receives a report of parties' planning meeting, "unless the [Court] finds good cause for delay." FED. R. CIV. P. 16(b)(2).

The critical component of either action is whether good cause exists.  Good cause does exist as the individual defendants raised qualified immunity which bars the parties from engaging in discovery until the Court rules on the defense.  The general rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).  The Fifth Circuit further clarified that until a district court resolves the qualified immunity issue, "[i]t

may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell*, 54 F.4th at 311.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves that the Court grant her Motion either modify or vacate the current scheduling order at Dkt. No. 25.

                                                Respectfully Submitted,

                                                **GRABLE GRIMSHAW PLLC**

                                                */s/ Brandon J. Grable*
                                                **BRANDON J. GRABLE**
                                                Texas State Bar No. 24086983
                                                SDTX Bar No. 3246103
                                                brandon@g2.law
                                                1603 Babcock Road, Suite 280
                                                San Antonio, Texas 78229
                                                Telephone: (210) 963-5297
                                                Facsimile: (210) 641-3332
                                                **COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

On September 7, 2023, the undersigned conferred with opposing counsel for the defendants concerning the relief sought herein, and they confirmed that the defendants were **not opposed**.

*/s/ Brandon J. Grable*

## **CERTIFICATE OF SERVICE**

I hereby affirm that on this September 12, 2023, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of said document was served upon all parties that made an appearance, via electronic service. Since no other party has yet made an appearance, the undersigned will provide proper notice of this document upon a party's notice of appearance in this matter of record, via electronic service.

*/s/ Brandon J. Grable*