# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **WHITNEY SPAULDING,** *Plaintiff,* | § § § | |
| vs. | § § | Case No. 3:22-CV-00292 |
| **MATTHEW WEST, et al.,** *Defendants.* | § § § | |

_____

## PLAINTIFF WHITNEY SPAULDING'S
## UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER
_____

TO THE HONORABLE JEFFREY VINCENT BROWN, U.S. DISTRICT JUDGE:

Plaintiff **Whitney Spaulding** seeks to extend, by 90 days, all the unpassed deadlines in the Amended Docket-Control Order entered in this case on October 4, 2023, including the deadline for Plaintiff to designate experts and produce reports. *See* Dkt. No. 29.

Under the Federal Rules of Civil Procedure, courts may modify a scheduling order with good cause. FED. R. CIV. P. 16(b)(4).  "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)).

The Court weighs four factors when deciding whether there is "good cause" to extend scheduling orders, including "'(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

1. <u>The failure to designate and submit a completed report on time.</u>

The parties have diligently engaged in informal settlement discussions for the last few months. Generally, seeking to extend scheduling deadlines simply because of settlement potential does not constitute good cause. *Rivera v. County of Willacy*, No. 06-189, 2007 U.S. Dist. LEXIS 41401, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007) ("[A]lthough the Court finds the parties' settlement efforts commendable and encourages the continuation of their negotiations, the mere possibility of settlement does not meet the standard of good cause for amending the Court's scheduling order."). However, Plaintiff has not sat idle during these discussions.

Since October 2023, the parties produced documents and were deposed. The undersigned has consulted with a few experts and is positioned to retain one or more of them as testifying experts and to commission expert reports. Considering that the parties have considerably closed the gap in settlement discussions, the costs of

commissioning these reports are prohibitive and would not be productive toward current settlement negotiations. This explanation is unlike what was provided in *Rivera v. County of Willacy*. *See id.* ("Furthermore, the parties provide no explanation as to why their settlement discussions will prevent them from meeting the deadlines established in the scheduling order.").

2. <u>The importance of the testimony.</u>

Plaintiff sustained a medical injury that resulted in substantial treatment and will require ongoing treatment. Testimony about the cause of the injury and the circumstances surrounding damages flowing from the injury are necessary and essential.

3. <u>Potential prejudice in allowing the testimony and the availability of a continuance to cure such prejudice.</u>

There is no prejudice to the defendants in allowing the testimony of experts. First, the defendants' counsel requested that the undersigned hold off on retaining experts to avoid shutting down settlement discussions. Second, if the Court extends all the deadlines, then defendants would be presented with a similar ability to designate experts and pursue discovery related to Plaintiff's experts.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves that the Court grant her Motion and extend the current scheduling order deadlines by 90 days.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
SDTX Bar No. 3246103
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

On April 2, 2024, the undersigned conferred with opposing counsel for the defendants concerning the relief sought herein, and they confirmed prior conferrals, which are that the defendants were **not opposed**.

*/s/ Brandon J. Grable*

## **CERTIFICATE OF SERVICE**

I hereby affirm that on this April 3, 2024, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of said document was served upon all parties that made an appearance, via electronic service.

*/s/ Brandon J. Grable*